UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62703-CIV-COHN/SELTZER

LAURA MONTGOMERY,

    Plaintiff,

v.

JONATHAN OBERTI, ROBERT
WALTER ROTHSCHILD,
GARRET NICHALUS WITTELS,
and ISLAND HOTEL COMPANY
LIMITED, a Bahamian company,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon four motions filed by Defendants: Defendant Island Hotel Company Limited's Motion to Dismiss Amended Complaint [DE 49]; Defendants Robert Rothschild, Jonathan Oberti and Garret Wittels' Motion to Dismiss the Amended Complaint [DE 62]; Defendant Island Hotel Company Limited's Motion for Summary Judgment [DE 69]; and Defendant's Motion to Strike the Affidavit of Timothy Brignole and Accompanying Incident and Guest Reports Submitted in Opposition to Defendant's Pending Motion for Summary Judgment [DE 78].[1]  The Court has carefully reviewed these motions, the filings supporting and opposing the motions, the record in this case, and the Court is otherwise fully advised in the premises.

---

[1] Also pending are several Motions in Limine [DE 80–81, 83–87] recently filed by the parties.

I.      Background

   A.   Facts

On December 19, 2010, Plaintiff Laura Montgomery, a United States citizen, arrived as a guest at the Atlantis Resort (the "Resort") in Paradise Island, Bahamas. See DE 38 (Am. Compl.), ¶¶ 4, 8, 19.  The Resort is operated by Defendant Island Hotel Company Limited ("Island Hotel"), a Bahamian company with corporate offices in Plantation, Florida.  See id. ¶¶ 7, 8, 13.  On the evening of her arrival, Plaintiff and a female friend entered a bar at the Resort.  See id. ¶ 21.  According to Plaintiff, a Resort employee admitted the two women to the bar even though they produced identification showing that they were seventeen years old and therefore under the Bahamas' legal drinking age of eighteen.  See id. ¶¶ 22-24.  Plaintiff claims that the bar staff served each of the women three mixed drinks without requiring them to show further identification.  See id. ¶¶ 23, 25.

Around 1:30 a.m., a group of five young men—including Defendants Jonathan Oberti, Robert Rothschild, and Garret Wittels, all United States citizens—entered the bar.  See DE 38, ¶¶ 5-6, 26.  Some of the men engaged in conversation with Plaintiff and her friend, who revealed that they were seventeen.  See id. ¶¶ 27-28.  Wittels offered to buy the women a drink, and they accepted.  See id. ¶¶ 29-30.  The men suggested that the women watch them gamble in the casino, and the group left the bar. See id. ¶ 31.  At that point, Plaintiff maintains, she and her friend were "extremely intoxicated." Id. ¶ 32.

After gambling for a short time, two of the men took Plaintiff and her friend to the men's hotel room, and another of the men later arrived in the room.  See DE 38, ¶¶ 33-34.  Plaintiff alleges that at least one of the men undressed her and, thereafter, "two

2

members of the group had vaginal intercourse with Plaintiff and one of the group had her perform oral sex on him." Id. ¶¶ 34-35. Plaintiff asserts that during these events, she was "semiconscious" and "unwilling and effectively unable to consent to these actions due to her level of intoxication." Id. ¶ 35.

At some point that night, Plaintiff and her friend locked themselves in the men's bathroom. See DE 38, ¶¶ 36-37. One of the men banged on the door and demanded that the women leave the hotel room. See id. ¶¶ 38-39. Plaintiff and her friend were pushed out of the hotel room, and one of the men threw the women's clothes and other belongings out the door behind them. See id. ¶ 40. With some difficulty, the women returned to their own hotel room and passed out. See id. ¶ 41.

After the women awoke later that morning, Plaintiff notified the Resort's security staff of the previous night's events. See DE 38, ¶ 42. At Plaintiff's request, security personnel reported the events to Bahamian police. See id. Plaintiff and her friend were taken to the police station and later met detectives at a hospital in Nassau, Bahamas. See id. ¶¶ 43-44. The detectives separately interviewed the women, and physicians and nurses examined and questioned each woman. See id. ¶ 45. Plaintiff recounted the sexual acts that had occurred in the men's hotel room and her "semi conscious state" at that time. Id. ¶ 46.

By the following day, police had detained the five young men. See DE 38, ¶ 47. Three of the men gave statements "admitting that either they or another member of their group had participated in some form of sexual activity involving Plaintiff or her friend, but denying that such activity was without consent." Id. ¶ 48. Oberti, Rothschild, and Wittels were initially arrested and charged with rape. See DE 49 at 2 n.1; DE 67 (Defs. Robert Rothschild, Jonathan Oberti and Garret Wittels' Reply in Supp. of Their

Mot. to Dismiss the Am. Compl.) at 4 n.1.  After further investigation, however, "police concluded the statements given by Plaintiff and her friend did not match video surveillance captured by Atlantis Resort's security system."  DE 49 at 2 n.1.  The Attorney General of the Bahamas therefore ordered that all charges against the men be dismissed.  See DE 67 at 4 n.1.

### B.    Procedural History

On December 20, 2011, Plaintiff filed her original Complaint in this diversity action.  See DE 1.  Plaintiff claimed that Island Hotel was negligent in allowing Plaintiff and her friend to be served alcoholic drinks at the Resort bar, in violation of a Bahamian penal law banning the sale of alcohol to persons under eighteen.  See id. at 13-14.[2]  This negligent conduct, Plaintiff alleged, "caused and allowed Plaintiff to become intoxicated and sexually exploited by the young men."  Id. at 13, ¶ 72; see id. at 14, ¶ 76.

On November 27, 2012, the Court granted Plaintiff's motion for leave to file an Amended Complaint adding claims against Oberti, Rothschild, and Wittels (together, the "Male Defendants").  See DE 37.  The Amended Complaint pleads three claims against the Male Defendants:  sexual battery, assault, and intentional infliction of emotional distress.  See DE 38 at 12-14.  These claims include allegations that Plaintiff "never consented" to being sexually battered or assaulted by the Male Defendants and that the emotional distress suffered by Plaintiff was a "direct and intended consequence of [Defendants'] intentional and outrageous conduct."  Id. at 12, ¶ 64; id. at 13, ¶ 71; id. at 14, ¶ 78.  Further, while Plaintiff maintains her negligence claim against Island Hotel,

---

[2]  Plaintiff's Complaint also named two other related companies as Defendants, but those Defendants were later voluntarily dismissed from this action.  See DE 16 (Order Dismissing Defs. Kerzner Int'l Ltd. and Paradise Island Ltd.).

4

she has reworded that claim to assert that Island Hotel's negligent conduct "caused Plaintiff to become intoxicated and, subsequently, sexually **assaulted**." Id. at 10, ¶ 55 (emphasis added); see id. at 11, ¶ 59. Plaintiff seeks damages from all Defendants for physical and mental injuries, as well as for the costs of medical treatment and therapy. See id. at 11, ¶ 60; id. at 12, ¶ 66; id. at 13, ¶ 72; id. at 14, ¶ 79.

Island Hotel and the Male Defendants have filed separate Motions to Dismiss the Amended Complaint. See DE 49; DE 62. Defendants argue that (1) Plaintiff has failed to state any valid claim for relief and (2) the doctrine of forum non conveniens requires Plaintiff to pursue her claims in the Bahamas. See id. More, Island Hotel has filed a Motion for Summary Judgment based on the substantive issues raised in its Motion to Dismiss and the discovery record. See DE 69. Island Hotel has also moved to strike certain evidence submitted by Plaintiff in opposing the Motion for Summary Judgment. See DE 78. All of these motions are fully briefed and ripe for decision.

For the reasons detailed below, the Court concludes that the Bahamas is a far more appropriate forum for this action and therefore that the case should be dismissed on the ground of forum non conveniens. Accordingly, the Court limits its analysis to that issue and declines to address the other arguments raised in Defendants' motions.

**II.   Discussion**

    **A.   Forum Non Conveniens Standards**

Under the doctrine of forum non conveniens, a federal district court may dismiss an action if a foreign court is a more appropriate and convenient forum for adjudicating the matter. See Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 425 (2007). To obtain dismissal based on forum non conveniens, the moving party must "establish that '(1) an adequate alternate forum is available, (2) the public and

private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'" Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1330 (11th Cir. 2011) (quoting Leon v. Million Air, Inc., 251 F.3d 1305, 1310-11 (11th Cir. 2001)).  The plaintiff's choice of forum is "entitled to deference, and there is a presumption in favor of" that choice, especially when the plaintiff is a United States citizen.  Wilson v. Island Seas Invs. Ltd., 590 F.3d 1264, 1269 (11th Cir. 2009).  The Eleventh Circuit has "long mandated that district courts require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country."  SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1101 (11th Cir. 2004) (internal quotation marks omitted).  Nevertheless, "dismissal should not be automatically barred when a plaintiff has filed suit in his home forum.  As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n.23 (1981).

  **B.**   **Analysis of Defendants' Motions to Dismiss**

    **1.**   **Adequate and Available Alternate Forum**

In evaluating Defendants' dismissal motions based on forum non conveniens, the Court first must consider (1) whether the alternate Bahamian forum is adequate and (2) whether that forum is available.  See Tazoe, 631 F.3d at 1330.  The Eleventh Circuit has explained that an alternate forum will be considered inadequate "only in rare circumstances where the remedy offered by the other forum is clearly unsatisfactory." Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1290 (11th Cir. 2009)

6

(internal quotation marks omitted).  Such a remedy is inadequate when it is "no remedy at all."  Piper Aircraft Co., 454 U.S. at 254; see Aldana, 578 F.3d at 1290.  An alternate forum is available if the foreign court can assert jurisdiction over the litigation.  See Leon, 251 F.3d at 1311.  Generally, this requirement is met "when the defendant is 'amenable to process' in the other jurisdiction."  Piper Aircraft Co., 454 U.S. at 254 n.22 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-07 (1947)).

Here, the parties do not dispute that the Bahamas is an adequate forum for Plaintiff's claims.  Nor does the Court have any reason to doubt that the Bahamian courts would offer Plaintiff an adequate remedy.  See, e.g., Van Hoy v. Sandals Resorts Int'l, Ltd., No. 11-24590-CIV, 2013 WL 1192316, at *5 (S.D. Fla. Mar. 22, 2013) (holding that the Bahamas was an adequate forum because it would "offer some relief for Plaintiffs' claims").  The adequate-forum requirement is therefore satisfied.

The Bahamas is also an available forum.  Island Hotel has expressly consented to jurisdiction in the Bahamas, where it is incorporated, operates the Resort, and is subject to service of process.  See DE 49 at 10.  Plaintiff maintains that the courts of the Bahamas could not exercise compulsory process over the Male Defendants, who are citizens of the United States.  But even if this were otherwise true, the Male Defendants have affirmatively argued that "the Bahamas is the more convenient and appropriate forum for resolution of this case."  DE 62 at 12-13.  The Male Defendants have thus represented, at least implicitly, that they would subject themselves to the jurisdiction of the Bahamian courts.  Still, to ensure that the Male Defendants are amenable to process in the Bahamas, the Court will retain jurisdiction over this action in the event that any Defendant refuses to proceed voluntarily in the Bahamian courts. If the courts of the Bahamas decline to hear Plaintiff's claims because Defendants do

not consent to jurisdiction there, then Plaintiff may move to reopen this action.  See Del Istmo Assurance Corp. v. Platon, No. 11-61599-CIV, 2011 WL 5508641, at *9-*10 (S.D. Fla. Nov. 9, 2011) (Cohn, J.) (adopting similar procedure).

### 2. Private and Public Factors

The Court next must determine whether private and public factors weigh in favor of dismissal.  See Tazoe, 631 F.3d at 1330.  This "comparative inquiry" requires the Court to "weigh the relative advantages and disadvantages of each prospective forum." Id. at 1331 (internal quotation marks omitted).  Private factors involve "the interests of the participants in the litigation," while public factors concern "the relative interests of the two fora."  Id. at 1331, 1333.

Relevant private factors include "the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.'"  Piper Aircraft Co., 454 U.S. at 241 n.6 (quoting Gulf Oil Corp., 330 U.S. at 508).  In weighing the private interests, "the plaintiffs' choice of forum should rarely be disturbed 'unless the balance is strongly in favor of the defendant.'" SME Racks, Inc., 382 F.3d at 1101 (quoting Gulf Oil Corp., 330 U.S. at 508).

A district court should "look at the private interests first and then, if the balance of the private interests are found to be in equipoise or near equipoise, it will determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum."  Wilson, 590 F.3d at 1270 (internal quotation marks & emphasis omitted).  Even if the private factors strongly support dismissal, the court should proceed to analyze the public factors.  See Leon, 251 F.3d at 1311 (noting that "even though the private factors

8

are generally considered more important than the public factors, the better rule is to consider both factors in all cases" (internal quotation marks omitted)).  Those factors include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty."  Piper Aircraft Co., 454 U.S. at 241 n.6 (quoting Gulf Oil Corp., 330 U.S. at 509).

### a.      Private Factors

"Perhaps the most important 'private interest' of the litigants is access to evidence."  Ford v. Brown, 319 F.3d 1302, 1308 (11th Cir. 2003).  When considering the availability of evidence and witnesses, the Court must "must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action."  Van Cauwenberghe v. Biard, 486 U.S. 517, 528 (1988).  This case focuses on the alleged sexual battery and assault committed by the Male Defendants and, secondarily, on Island Hotel's service of alcohol to Plaintiff and her friend before those events.  In particular, the record indicates that the parties' claims and defenses will depend largely on whether Plaintiff consented to, or was able to consent to, the sexual acts in the Male Defendants' hotel room.

The parties generally agree that the documentary evidence relevant to these issues includes surveillance video and other records from the Resort, as well as police and medical records from the investigation of the incident.  Virtually all of this evidence

9

is located in the Bahamas.  Plaintiff asserts that much of the evidence is already in the parties' possession or is otherwise available to them.  Defendants contest this claim, arguing that police and hospital records remain in the Bahamas and are not subject to this Court's subpoena power.  The Court is concerned about whether these records would be available for a trial in this District.  But for the reasons discussed below, even if the documentary evidence were available, Defendants have shown that essential witnesses are in the Bahamas and cannot be compelled to testify before this Court.

The initial disclosures of Plaintiff and Island Hotel—served before Plaintiff added her claims against the Male Defendants—state that possible witnesses include Plaintiff and her friend, the five young men, seven employees of Island Hotel (two investigators, two bar employees, and three security officers), and four officers of the Royal Bahamas Police Force.  See DE 24 (Pl.'s Rule 26(a)(1) Initial Disc. Disclosures); DE 25 (Def. Island Hotel Co. Ltd.'s Rule 26 Disclosures).  Although the Male Defendants have not yet served their initial disclosures, they contend in their dismissal motion that "[c]rucial witnesses" include "Bahamian physicians, police officers, and security personnel."  DE 62 at 17.  Based on Plaintiff's allegations and the factual record, the Court believes that the most important witnesses in this case—aside from the individual parties and Plaintiff's friend—will be the Bahamian police officers who investigated the alleged rape and the Bahamian doctors and nurses who assisted in that inquiry.[3]  As already

---

[3] Plaintiff's friend will testify on Plaintiff's behalf, and nothing suggests that she will not do so if this case proceeds in the Bahamas rather than in this Court.  Indeed, recent filings state that Plaintiff's friend intends to join this suit as an additional Plaintiff.  See DE 70 (Joint Mot. to Extend or Stay the Mediation Deadline) at 2; see also DE 75 (Mediation Report) at 2 (stating that counsel for Plaintiff's friend appeared by telephone at mediation).  Likewise, regardless of where this action is tried, it appears that the two young men not named as Defendants will testify on behalf of the Male Defendants.  And while some of Island Hotel's employees participated in the initial investigation of

discussed, the Male Defendants were initially charged with rape, but those charges were dropped after police determined that the women's statements conflicted with video surveillance footage. See supra Part I.A. Plaintiff's present civil claims arise from the same factual allegations that were investigated by Bahamian police and eventually dismissed for lack of supporting evidence. The Court therefore agrees with Defendants that the police officers' testimony is "absolutely critical to the defense of this lawsuit." DE 61 (Def. Island Hotel's Reply Mem. in Supp. of Its Mot. to Dismiss) at 8. Similarly, the testimony of the medical personnel who examined and questioned Plaintiff and her friend will be crucial in evaluating Defendants' liability and Plaintiff's claimed damages.

     Defendants emphasize, and Plaintiff does not dispute, that the Bahamian police officers and medical personnel are not subject to the compulsory process of this Court. And there is no indication that these witnesses have agreed to appear voluntarily in this District. Plaintiff argues that the witnesses' testimony could be obtained through other means, such as videotaped depositions or letters rogatory. But given the importance of these witnesses in assessing the disputed factual issues, the Court finds that no adequate substitute exists for the witnesses' live testimony and that the lack of access to this testimony weighs very strongly in favor of dismissal. See McLane v. Marriott Int'l, Inc., — F. Supp. 2d —, 2013 WL 1810649, at *6 (S.D. Fla. Apr. 30, 2013) (holding that private factors "strongly weigh in favor of dismissal because the most critical witnesses concerning liability cannot be compelled to testify in this Court").

---

the hotel-room incident, the record indicates that the police and hospital staff played a more significant role in investigating the alleged rape. In any event, employees of Island Hotel are presumably under that Defendant's control and thus would be available to testify at trial wherever it is held.

The Court is mindful of the strong presumption in favor of Plaintiff's chosen forum, especially since she is a United States citizen.  See Wilson, 590 F.3d at 1269; SME Racks, Inc., 382 F.3d at 1101.  Yet the Court agrees with Defendants that they would "suffer a manifest material injustice if forced to litigate here because of the difficulty they will necessarily encounter in trying to secure the testimony of witnesses and other critical evidence located in the Bahamas and outside the jurisdiction of this Court."  DE 67 at 7.  The Court thus concludes that the unfairness and undue burden to Defendants of trying the case in this District strongly outweigh Plaintiff's choice of a United States forum.  See Piper Aircraft Co., 454 U.S. at 255 n.23; SME Racks, Inc., 382 F.3d at 1101.[4]

### b. Public Factors

With regard to the public factors, the Court finds that the Bahamas has a greater local interest in adjudicating this case than does the United States.  See Piper Aircraft Co., 454 U.S. at 241 n.6 (noting "the 'local interest in having localized controversies decided at home'" (quoting Gulf Oil Corp., 330 U.S. at 509)).  The United States

---

[4] The other private factors, though less important here, modestly support dismissal or are neutral.  Regarding the cost of willing witnesses' attendance, the number of witnesses who would be required to travel from the Bahamas to this District (if the case were tried here) appears greater than the number of witnesses who would have to travel from the United States to the Bahamas (if the case were tried there).  The weight of this factor, however, is lessened by the close proximity between the Bahamas and South Florida.

Further, the parties disagree about whether the trier of fact would need to view the areas of the Resort where the relevant events occurred—the men's hotel room, the bar, and the casino.  Although the Court does not foreclose the possibility that such a viewing might assist the fact-finder, this issue does not weigh significantly in favor of dismissal.  The resolution of this case will depend largely on which version of events the trier of fact chooses to believe.  The exact locations of those events, while not unimportant, can likely be depicted through photographs, diagrams, or similar means.

undoubtedly has an interest in allowing its citizens to seek redress for alleged tortious conduct committed by other United States citizens and a company with business ties to the United States.  Nonetheless, the Bahamas too has a strong interest in addressing claimed sexual attacks and unlawful service of alcohol at a major Bahamian resort operated by a Bahamian company.  More, the central conduct alleged in this case was previously investigated by Bahamian police and was the basis of rape charges brought in that nation against the Male Defendants and later dismissed on evidentiary grounds.  The Bahamas has a particularly strong sovereign interest in resolving civil claims so closely intertwined with an earlier criminal prosecution in that country.

Also supporting dismissal are "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action" and "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law."  Piper Aircraft Co., 454 U.S. at 241 n.6.  A federal court sitting in diversity must apply the choice-of-law rules of the forum state—here, Florida.  See Trumpet Vine Invs., N.V. v. Union Capital Partners I, Inc., 92 F.3d 1110, 1115 (11th Cir. 1996) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  For tort claims, Florida applies the "most significant relationship" test set forth in Restatement (Second) of Conflict of Laws § 145.  See Trumpet Vine Invs., 92 F.3d at 1115-16.  That test generally requires a court to consider (1) "the place where the injury occurred"; (2) "the place where the conduct causing the injury occurred"; (3) "the domicil, residence, nationality, place of incorporation and place of business of the parties"; and (4) "the place where the relationship, if any, between the parties is centered."  Restatement (Second) of Conflict of Laws §145(2) (1971).  In a personal-injury case, the law of the place where the injury occurred normally governs.  See id. §146.

Because all of the key events involving the parties here occurred in the Bahamas, the most significant relationship test would likely require the application of Bahamian law.  Normally, applying that law would place no special burden on this Court, since the Bahamas uses the English language and the law of that country is similar in many respects to United States law.  Based on a review of the parties' briefing, though, whatever court adjudicates this case will be called on to resolve apparently unsettled questions of Bahamian tort law.  Those issues include whether violation of the Bahamas' penal statute barring the sale of alcohol to minors gives rise to negligence liability against the seller, whether sexual assault is a foreseeable consequence of serving alcohol to minors, and whether a minor's voluntary intoxication precludes recovery.  See, e.g., DE 49 at 2-9.  Without question, it would be more appropriate for the Bahamian courts to decide these issues of local law than for this Court to do so.

None of the other public factors weigh significantly for or against dismissal here.[5]  On balance, therefore, the Court finds that the public factors further support dismissing this action based on forum non conveniens.

### 3. Undue Inconvenience or Prejudice

Finally, the Court must assess whether Plaintiff can reinstate her suit in the Bahamas without undue inconvenience or prejudice.  See Tazoe, 631 F.3d at 1330.  As discussed previously, Defendants appear willing to proceed with this litigation in the

---

[5] While the parties briefly discuss court congestion in the Bahamas versus this District, the Court believes that either forum could adjudicate Plaintiff's claims within a reasonable time.  See Piper Aircraft Co., 454 U.S. at 241 n.6.  Also, because the United States does have an interest in resolving this case, it would not be unfair to burden local citizens with jury service.  See id.

Bahamas, and the Court will condition its dismissal on Defendants' consent to the Bahamian forum. See supra Part II.B.1. Plaintiff argues, however, that requiring her to pursue this action in the Bahamas would be financially burdensome and prejudicial. Among other points, Plaintiff contends that neither contingency-fee arrangements nor jury trials are available in the Bahamas. But the Eleventh Circuit has held that these factors do not merit substantial weight in the forum non conveniens analysis. See Magnin v. Teledyne Cont'l Motors, 91 F.3d 1424, 1430 (11th Cir. 1996) (describing contingency-fee argument as "particularly weak"). And Plaintiff does not explain how the absence of a jury trial would prejudice her, especially since she does not dispute that the Bahamas offers an adequate remedy for her claims. See supra Part II.B.1. Nor does Plaintiff give any other persuasive reason why litigating this action in the Bahamas would cause her undue inconvenience or prejudice.

### III.     Conclusion

As detailed above, Defendants have established all of the requirements for dismissal based on forum non conveniens. See Tazoe, 631 F.3d at 1330. Despite the strong deference afforded to Plaintiff's choice of forum, see Wilson, 590 F.3d at 1269, the Court's examination of the relevant factors shows that trying the case in this forum, rather than in the Bahamas, would be materially unjust and unnecessarily burdensome to Defendants. See Piper Aircraft Co., 454 U.S. at 255 n.23; SME Racks, Inc., 382 F.3d at 1101.[6] Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[6] Both sides cite several decisions in which courts of this District have granted or denied forum non conveniens dismissal motions in cases involving the Resort. The Court has considered these decisions—which generally turn on their respective facts—but remains of the opinion that this case should be dismissed for the reasons discussed herein.

1. Defendant Island Hotel Company Limited's Motion to Dismiss Amended Complaint [DE 49] and Defendants Robert Rothschild, Jonathan Oberti and Garret Wittels' Motion to Dismiss the Amended Complaint [DE 62] are **GRANTED** to the extent they seek dismissal based on forum non conveniens;

2. The above-styled action is **DISMISSED WITHOUT PREJUDICE**;

3. Defendant Island Hotel Company Limited's Motion for Summary Judgment [DE 69], Defendant's Motion to Strike the Affidavit of Timothy Brignole and Accompanying Incident and Guest Reports Submitted in Opposition to Defendant's Pending Motion for Summary Judgment [DE 78], and the parties' Motions in Limine [DE 80–81, 83–87] are **DENIED AS MOOT**;

4. The calendar call scheduled for May 23, 2013, is **CANCELLED**, and the case is removed from the Court's May 28, 2013, trial calendar;

5. The Clerk of Court shall **CLOSE** this case and **DENY AS MOOT** all other pending motions; and

6. If Plaintiff attempts to reinstate her claims in the Bahamas, but the Bahamian courts decline to hear one or more of those claims because Defendants will not consent to jurisdiction in that forum, Plaintiff may move to reopen this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 15th day of May, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF